## John H. O'Boyle v. Thomas J. Shively.

1. EXCESSIVE DAMAGES—*Malicious Prosecution.*—Where a person is technically under arrest, but suffers no pain of body or mind, or feels humiliated to any great extent, a finding for $2,500 is excessive.

Malicious Prosecution.—Appeal from the Circuit Court of Lawrence County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded. Opinion filed June 18, 1896.

E. CALLAHAN, attorney for appellant.

MUNDY & ORGAN, W. A. CULLOP and C. B. KESSINGER, attorneys for appellee.

O'Boyle v. Shively.

MR. PRESIDING JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee to recover from appellant damages for malicious prosecution instituted by appellant against appellee upon the charge of resisting an officer of the law, W. A. Cochran, sheriff of Lawrence county, in the performance of his official duty as such sheriff, and upon such charge, procuring the arrest of plaintiff and his imprisonment for fifteen hours. Conceding the evidence justified the jury in finding appellant guilty, yet the damages, assessed at $2,500, are in our judgment excessive, and not warranted by the facts proven. The evidence showed that appellant, on October 20, 1893, made and swore to a complaint in writing before D. H. Osman, police magistrate, charging the appellee and T. J. Pinkstaff with opposing an officer of the law, W. A. Cochran, sheriff, in the discharge of official duty; that a warrant was issued for the arrest of appellee, who was arrested by virtue thereof, and on October 21, 1893, was discharged for want of prosecution. These facts of themselves would afford sufficient grounds for maintaining the suit, but the injuries averred to have resulted from this complaint and arrest, are, that "appellee has been and is greatly injured in his credit and his reputation, and brought into public scandal, injury and disgrace with and among all his neighbors and citizens of this State, and divers of those neighbors and citizens to whom his innocence in the premises was unknown, have on occasion of the premises suspected and believed, and still do suspect and believe that appellee is guilty of the crime aforesaid; and also the appellee by means of the premises suffered pain of body and mind, and has been obliged to and has expended $5,000 in procuring his discharge from the said imprisonment, and defending of himself in the premises, and has been greatly hindered and prevented by reason of the premises from following and transacting his affairs and business, for the space of one year, and has been and is greatly injured in his credit and circumstances." In support of these averments there is evidence that appellee,

when arrested, was taken at once before the magistrate, who declined to hear the case that evening, but continued it until the next morning, and offered to take appellee's personal recognizance in the sum of $50, conditioned for his appearance then; but appellee refused to give the recognizance, and thereupon the sheriff took charge of appellee and sent him to a hotel, but did not put him under a guard.

The sheriff testified that appellee was laughing and said "to put him in jail," but he replied he wouldn't do anything of the kind, but would send him to the hotel. It is true that appellee was technically under arrest until the discharge next morning, but the evidence we think fails to show he thereby suffered pain of body or mind, or felt humiliated to any great extent. It was also proved that appellee paid $10 to his attorney for his defense to the charge made by appellant. The appellee testified he had been specially humiliated by reason of the arrest, because he left said county to teach school from the fact of the arrest; nothing else drove him out of the county. He would have applied for the Lawrenceville schools and had talked to the directors about it, and in reply to the question, "I will ask you if any one throwed it up to you?" testified, "Yes, sir; it has come to my ears often; the report of it went into the paper in Indiana where I was well known, that I was arrested and in jail." On cross-examination he testified that a former pupil of his said to him one day, "If it wasn't that you had been arrested you could get the schools here; if I was you I would go and see Miles Curry about it and I will talk to the rest of the board about it." I talked to the gentlemen about it and talked to a man here in Illinois about the school, and went to two other places to see about schools. He was then asked, "Wasn't it just as publicly known that you were discharged as it was that you had been arrested?" and answered, "Well, I simply didn't obtain the positions;" and was then asked, "Do you mean on this charge of resisting an officer?" and answered, "No, sir; most persons asked me why I was arrested, and what was done with the case; that showed they didn't understand it;" and was then asked,

" That furnished you an opportunity to say that you were not guilty, and that you had been discharged, didn't it ?" and answered, " People don't always believe what a person accused says." We have reproduced all the evidence tending to prove special damage, and are of the opinion, in view of the other facts, that appellee was not intending to do any business except teaching school, and went into that as soon as he procured a position after his arrest, and that it is not shown his reputation was affected by said charge and arrest, or that his prospective business was thereby interfered with except that he could not get any to do in said county, and that the damages awarded were excessive. Other errors are assigned which we do not think are well assigned, or require a reversal; but for the reason the damages assessed were excessive, the judgment is reversed and cause is remanded.